[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 50, whose birth name is Daley, and the defendant husband, 52, married on May 10, 1969 in New Rochelle, New York. The plaintiff has been a resident of this state for more than one year next preceding the filing of her complaint in CT Page 4598 this court seeking a dissolution of the parties marriage and other relief thereby affording this court jurisdiction, § 46b-44
(c)(1). There is one minor child issue of the marriage, Heather Joy, born June 6, 1983. They have two older children, both adults. Both parties testified that the marriage has broken down irretrievably. The court concludes that it has.
The parties have filed a written stipulation agreeing to joint legal custody of the minor child with her principal residence with her mother and the father having reasonable, liberal and flexible rights of visitation. The court accepted the stipulation dated February 18, 1999 and will order its terms.
Both parties are college graduates. The plaintiff is a registered nurse. In 1987 she received a M.S. degree. The plaintiff has been employed for the last twelve years by OB Gyn Associates in Stamford working usually 34 hours total, over four days weekly. She earns an average gross wage monthly of $3,309.85 and $2,199.94 net after mandatory deductions. She earns an additional monthly of $111.00 net as a childbirth instructor.
The defendant has enjoyed a career in banking for over 25 years until he became disabled one year ago. He is now receiving long term disability payments of $2,843.50 monthly from his insurance carrier, no taxes are deducted. He also qualified for Social Security disability payments in July, 1998 of $1,491.00 monthly. His affidavit lists tax deductions of $220.65 and net of $1,270.35. There is a check issued by Social Security for the minor daughter of $745.00. He is receiving $2,000.00 monthly from New England Insurance Company as well and is currently earning $375.00 monthly on a Quick Reilly brokerage account.
The plaintiff has arthritis and osteoporosis for which she takes Motrin and Fosanax, a prescription drug. The defendant is currently totally disabled.
Currently, the defendant has been making monthly payments of $1,650.00 to plaintiff as a pendente order, not taxable to her. Their combined net income exceeds the child support schedule maximum.
The parties purchased 151 Sundance Road, Stamford, Connecticut 24 years ago. The plaintiff lists the current fair market value as $270,000.00. The defendant lists it as $300,000.00. The defendant's figure is supported by a written CT Page 4599 appraisal dated August 21, 1998 by Castiglia Associates, Inc. stating in its opinion, a market value of $300,000.00 (Defendant's Exhibit). The court concludes $300,000.00 is fair market value. Neither party lists any mortgages or other encumbrance.
The defendant purchased a condominium unit known as unit 208, 89 Harbor Trail, Stamford, Connecticut for $252,500.00. Both parties agree that is the current fair market value. There is no mortgage or other encumbrance.
The parties own four timeshare units having a total value of about $10,250.00. The parties' proposed orders agreed on an equal division which the court will order.
The plaintiff lists retirement accounts totaling $113,477.95. The remaining assets consist of two bank accounts totaling $2,336.03.
The defendant lists a 401(k) account containing $174,877.16, an IRA account valued at $129,855.78, and two vested pensions, one at U.S. Trust expected to pay $1,100.00 monthly at age 65 and one at First Union for $60,000.00 lump sum. The defendant has Quick Reilly brokerage accounts totaling $111,488.13 as of February 17, 1999. He has two life insurance policies, one for $27,000.00 written by Met Life and one through U.S. Trust with a face amount of $315,000.00. The Met policy has a cash value of $2,500.00. He has a checking account containing $1,000.00 and a 1996 Pontiac valued at $12,000.00. Jointly they own a 1991 Ford Taurus, used by the plaintiff, valued at $2,750.00, and tangible furniture, furnishings and jewelry valued by plaintiff as $30,000.00 and the defendant as $5,000.00.
The caused for the breakdown developed over a period of years. The parties shared little by way of common interests. Probably the most persistent problem was the plaintiff's conservative attitude toward financial matters contrasted with the defendant's riskier and successful approach to investments. The plaintiff preferred more safety in money matters. The court does not find fault.
Having reviewed the evidence in light of the statutory criteria and relevant case law the court enters the following decree: CT Page 4600
1. Judgment is entered dissolving the marriage on the ground of irretrievably breakdown. Each party is declared to be unmarried.
2. The parties shall have joint legal custody of the minor child who shall have her principle residence with her mother. The defendant shall have reasonable visitation with the minor.
3. The defendant shall pay to the plaintiff as unallocated alimony and child support the sum of $1,500.00 monthly. It shall be non-taxable to the plaintiff. This is in addition to the Social Security received by the plaintiff for the minor child.
4. The defendant shall continue to provide medical insurance for the minor child at his expense. All uninsured deductibles or bill balances shall be shared and paid equally by the parents. The plaintiff shall continue to provide dental coverage for the minor child.
5. The plaintiff shall maintain her current Met Life insurance policy naming the minor child the primary beneficiary during her minority and until she graduates from high school or sooner attains nineteen years of age. The plaintiff shall retain its cash value.
6. The defendant maintains $100,000.00 face amount of coverage insuring his life naming the minor child the primary beneficiary during her minority and until she graduates from high school or sooner attains nineteen years of age. The defendant shall retain its cash value.
7. The plaintiff is awarded the defendant's interest in the marital residence located at 151 Sundance Road, Stamford. If a deed is not tendered properly executed, within thirty days the transfer is then to be made pursuant to statute. The defendant is ordered to join in obtaining a release of the equity line of credit lieu of the cancellation of the note and the plaintiff shall retain the contents as her sole property.
8. The defendant shall retain his interest in the condominium unit known as 89 Harbor Drive, Stamford, Connecticut. The plaintiff shall tender a release of Lis Pendent filed for her.
9. The plaintiff is awarded sole ownership of the timeshares CT Page 4601 known as "the Yachtsradu" located in South Carolina and "Villa Del Palmar" located in Mexico.
10. The defendant is awarded sole ownership of the timeshares known as "Velas Vallarta" and Sierra Radisson" both located in Mexico.
11. The plaintiff is awarded 50% of the contents of the Quick Reilly brokerage account of the defendant.
12. The plaintiff is awarded a 50% interest in the defendant's U.S. Trust pension. The court retains jurisdiction to effect the transfer. Counsel shall cooperate in processing any need QDRO.
13. The plaintiff is awarded a 50% interest in the defendant's First Union pension. The court retains jurisdiction as stated in paragraph 12.
14. The plaintiff is awarded the sum of $95,628.00 to be transferred from the defendant's deferred income accounts. The defendant has the choice of account in making the transfer from either his 401(k) or his IRA or partially from each in reaching the dollar amount order. The transfers are to be completed within 30 days.
15. The plaintiff shall retain her two 401(k) accounts her IRA and her bank accounts as her sole property.
16. The plaintiff is awarded the 1991 Ford wagon as her sole property.
17. The defendant shall retain the 1996 Pontiac as his sole property.
18. Each party shall be solely responsible for the debts each has listed on the respective financial affidavits.
The plaintiff's attorney shall prepare the judgment file.
HARRIGAN, J.